UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No. 3:20-453-JFA |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | OPINION AND ORDER |
| KEISHA NABRE PRATT | ) | |
| _____ | ) | |

This matter came before the court on January 13, 2022 upon the government's motion to hold the defendant, Keisha Nabre Pratt, in violation of her Plea Agreement. At the conclusion of the hearing, the court granted the government's motion, in part, (ECF No. 1067); revoked the defendant's bond; and ordered her immediate detention pending sentencing.

In open court, the court summarized its reasons for holding the defendant in breach of the Plea Agreement. This order shall serve to memorialize the court's ruling.

*Procedural History*

The defendant was charged in a Superseding Indictment with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. On September 1, 2021, the defendant entered into a written Plea Agreement with the government (ECF No. 895) wherein she was allowed to plead guilty to the lesser included offense of Count 1 — conspiracy to possess with intent to distribute 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The Plea Agreement contained a stipulation in Paragraph 12, entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), calling for an agreed upon sentence of

1

five years incarceration, followed by an appropriate term of supervised release. Also included in the Plea Agreement were several paragraphs that have become standard in this District. Primarily among these are Paragraph 6 which provides as follows:

> The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond[1] executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw her plea of guilty to the offense(s) enumerated herein.

ECF No. 895 at 5.

The defendant entered her guilty plea before this court on September 1, 2021. In December 2021, the defendant failed a drug test performed by the U.S. Probation Office. She admitted then to the U.S. Probation Officer that she had used marijuana. Her attorney also conceded at the January 13, 2022 hearing that the defendant had used marijuana in violation of her bond conditions.

Moreover, the government became aware of three videos posted by the defendant on the social media site Facebook. In these videos, the defendant is depicted using illegal drugs, consuming alcohol, and singing about a co-defendant's cooperation. During the January 13,

---

[1] At her arraignment, the defendant's bond was set by the Magistrate Judge at $250,000 with leave to file a motion to reconsider upon completion of a Pretrial Services Report. On December 29, 2020, the Magistrate Judge granted defense counsel's motion to reduce the bond. The government requested a $50,000 secured bond with electronic monitoring and home detention. Bond was executed and the defendant was released. On August 16, 2021, the defendant again moved to modify her bond, attesting that she had not violated the terms of her bond, had been gainfully employed, and passed all drug tests administered by the U.S. Probation Office. The defendant sought to remove GPS monitoring with curfew, or alternatively to remove the condition of curfew. The Magistrate Judge, upon no objection from the government, granted the second motion to modify the bond and the defendant continued on bond.

2022 hearing on the government's motion, all three videos were displayed to the court and were entered into the record in this case.

In the first video, during which the defendant is seen smoking a marijuana cigarette, she performed a hip-hop style song in which she recited lyrics that constitute a threat to the cooperating co-defendant.  By way of background, a co-defendant in this case has signed a plea agreement agreeing to cooperate with the government and has made proffer statements implicating this defendant as well as others in this case. The lyrics contained in the hip hop song performed by Pratt refer to this co-defendant by his acknowledged nickname[2] and also refers to the co-defendant's son by his actual name.  Four times during the song, Pratt, after referring to the cooperating co-defendant, sings "Now it's not safe for you. You snitch like a p***y lil' b***h."  Later in the video there is a reference to "13 pages, 35 statements." Another line recites "We could have been superstars, but you couldn't even take the charge." Another said, "How the f***k you tell on a girl?"  Finally, one line recited "Let [minor son] know his daddy a b***h. How it feel to be raised by a snitch?"

In response to what appeared to this court to be a threat to an alleged cooperating co-defendant, defense counsel responded that the defendant was simply engaging in what has come to be known as a "flow challenge:" a practice in which Pratt borrowed portions from a song by entertainer Kodak Black entitled "Super Gremlin" which contains the lyrics "It's not safe for you."  Defense counsel argued that the defendant should not be penalized for

---

[2] The alias of the cooperating co-defendant is included in both the caption and the substantive paragraphs of the Superseding Indictment.

3

merely parroting the words of a popular hip-hop song in current use.

The problem with this argument is that the song by Kodak Black, although it contains the words "It's not safe for you," does not contain a reference to the co-defendant in this case nor the co-defendant's minor child.  Nor does Black's song have a reference to "13 pages, 35 statements" which appears to be a reference to the alleged proffer made to the government by the co-defendant.

Moreover, a later video posted on Facebook by Pratt, in referring to her earlier video, describes the first video as "the song I made about [the co-defendant]."  She also says "I wanted it to be personal."

At the January 13 hearing, the defendant, against advice of counsel, expressed a desire to make a statement to the court, but upon being informed that to do so she would have to take the witness stand, be sworn, and be subjected to cross-examination, the defendant declined to testify.[3]

On this record, the court has little difficulty in concluding that the defendant has, in fact, breached the provisions of her plea agreement.

The order setting the conditions of release entered by the Magistrate Judge on December 29, 2020 (ECF No. 585) specifically states in section (7)(m) that the defendant

---

[3] At the January 13, 2022 hearing, defense counsel suggested that her client was the victim of selective prosecution, arguing that other defendants in this case had made threats and had not been punished. There are no docket entries in this case wherein the government has sought to deal with any other actual or implied threats by any of the other defendants in this case.  When confronted with this argument at the hearing, Assistant United States Attorney Brandon Hinton indicated that, aside from Ms. Pratt, she was not aware of any specific threat by any specific individual.  Ms. Hinton did indicate, however, that she had sent emails to all defense counsel strongly warning them that any threats would be sternly dealt with.  Thus, the court finds no merit to the defendant's selective prosecution argument.

may not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Section (7)(l) prohibits the excessive use of alcohol. Section (7)(g) calls for the avoidance of all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

Thus, as indicated above, Paragraph 6 of the Plea Agreement provides that the defendant will comply with the terms of any bond executed in this case. As noted above, the express terms of the defendant's bond provide that she shall not have any contact, directly or indirectly, with a witness in the investigation or prosecution in this case." Posting a Facebook video, available to the world, which contains a specific reference to a cooperating co-defendant is an indirect contact with that co-defendant.

Even more importantly, the Facebook video displayed to the court constitutes an obvious effort to intimidate the cooperating co-defendant in terms of his cooperation with the government in this case. Not only is this cooperating co-defendant referred to by his nickname, but his minor child is referred to by the child's actual name. The reference to the warning "It's not safe for you" is repeated four times during the defendant's Facebook Video. Although this identical phrase appears in the Kodak Black "Super Gremlin" song, it was defendant Pratt who chose the Kodak Black song to parrot on the world wide web and to include references to the co-defendant, his son, and the co-defendant's proffer agreement.

It also bears mention that threats to cooperating co-defendants sometimes have significant consequences. Indeed, one co-defendant in this case, Devonte Jabar Simon,

5

recently witnessed the assassination of his child's mother, along with his child. Testimony before this court indicates that those two murders were the result of the cooperation provided by the assassinated woman's then current boyfriend in an unrelated case.[4]

For all the foregoing reasons, this court finds as a fact that the defendant has breached the terms of the Plea Agreement in terms of violating the conditions of her bond, and committing new criminal acts by threatening an alleged cooperating co-defendant. Additionally, the defendant violated her bond by testing positive for illegal drug use, that is, marijuana.

Accordingly, the government is no longer bound by the obligations within the Plea Agreement, including the agreed upon sentence entered pursuant to Rule 11(c)(1)(C).

The defendant's bond is hereby revoked by virtue of her violating the express conditions thereof. The United States Probation Office is directed to prepare a new Presentence Report reflecting the findings and conclusions contained in this order.

When a new PSR is prepared and the traditional time within which to file objections has expired, the court will promptly schedule a sentencing hearing. At that time, the court will also rule upon government's motion[5] as it relates to the Guideline issues regarding

---

[4] The court mentions this unrelated incident only to point out that retaliation to those who cooperate with the government can occur, and that any threat, direct or indirect, whether made verbally, electronically, or, as above, by way of a Facebook video, must be taken seriously. The unrelated murders played no part in this court's decision.

[5] In its motion, the government requests that the court hold the defendant in violation of her Plea Agreement, that she not be allowed to withdraw her plea, that her acceptance of responsibility points be removed, that two points be added to her Guidelines for obstruction of justice, and that the defendant be sentenced to the maximum possible sentence under the Guidelines. The government suggests a new Guideline range of 168 to 210 months. These issues will be addressed at sentencing.

acceptance of responsibility, obstruction of justice, as well as any other issues raised by the defendant.

    IT IS SO ORDERED.

January 27, 2022　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge